

U.S. Department of Justice



*William D. Wilmoth*
*United States Attorney*
*Northern District of West Virginia*

---

Post Office Box 591      304/ 234-0100

Wheeling, WV 26003-0011   Fax 304/ 234-0111

August 6, 1996

U.S. DISTRICT COURT
FILED AT WHEELING, WV

AUG 1 5 1996

NORTHERN DISTRICT OF WV
OFFICE OF THE CLERK

Ms. Jenna P. Wood
Attorney at Law
P. O. Box 150
Wheeling, West Virginia  26003

5:96-CR-30

In re: United States v. William Husel

Dear Ms. Wood:

This will confirm conversations with you concerning your client, William Husel (hereinafter referred to as Mr. Husel).

All references to the "Guidelines" refer to the guidelines established by the United States Sentencing Commission, effective November 1, 1987, as amended.

It is agreed between the United States and your client as follows:

1. Mr. Husel will waive his right to have his case presented to a Grand Jury and will plead guilty to a one-count Information to be filed in this district charging him with Improperly Storing a Destructive Device or Pipebomb on November 9, 1994, at or near Alma Grace McDonough Center, Wheeling Jesuit College, Wheeling, West Virginia, in violation of Title 18, United States Code, Sections 842(j) and 844(b). A copy of the proposed Information is attached hereto and made a part hereof.

_____          August 9, 1996
William Husel                    Date Signed

_____          8/9/96
Jenna P. Wood, Attorney          Date Signed
Counsel for Mr. Husel

Jenna P. Wood, Attorney
August 6, 1996
Page 2

    2.  The maximum penalty to which Mr. Husel will be exposed by virtue of his plea of guilty, as stated in paragraph 1 above, will be imprisonment for a period of one (1) year, a fine of $100,000.00 and a term of at least one (1) year of supervised release for a violation of Title 18, United States Code, Section 842(j), and a mandatory special assessment of $25.00 (18 USC 3013). It is understood and agreed to by the parties, that the special mandatory assessment of $25.00 is to be paid at or before the time of sentencing by cash, certified check or money order. It is also understood that Mr. Husel might be required by the Court to pay the costs of his incarceration.

    3.  Mr. Husel will be completely forthright and truthful with federal officials in the Northern District of West Virginia with regard to all inquiries made of him and will give signed, sworn statements and grand jury and trial testimony relative thereto. Mr. Husel will agree to submit to a polygraph examination if requested to do so by the United States Attorney's Office for the Northern District of West Virginia.

    4.  Nothing contained in any statement or any testimony given by Mr. Husel, pursuant to paragraph 3, will be used against him as the basis for any subsequent prosecution. It is understood that any information obtained from Mr. Husel in compliance with this cooperation agreement will be made known to the sentencing Court; however, pursuant to Guideline 1B1.8, such information may not be used by the Court in determining Mr. Husel's applicable guideline range. However, this agreement does not prevent Mr. Husel from being prosecuted for any violations of other Federal and state laws he may have committed should evidence of any such violations be obtained from an independent legitimate source, separate and apart from that information and testimony being provided by him pursuant to this agreement. In addition, nothing contained in this agreement shall prevent the United States from prosecuting Mr. Husel for perjury or the giving of a false statement to a federal agent, if such a situation should occur by virtue of his fulfilling the conditions of paragraph 3 above.

_William Husel_       _August 7, 1996_
William Husel       Date Signed

_Jenna P. Wood_       _8/9/96_
Jenna P. Wood, Attorney       Date Signed
Counsel for Mr. Husel

Jenna P. Wood, Attorney
August 6, 1996
Page 3

    5.    At final disposition, the United States will advise the Court of Mr. Husel's forthrightness and truthfulness, or failure to be forthright and truthful, and ask the Court to give the same such weight as the Court deems appropriate.  At final disposition, the United States will move to dismiss the Indictment at Criminal No. 5:96CR12 now pending against Mr. Husel.

    6.    There have been no representations whatsoever by any agent or employee of the United States, or any other law enforcement agency, as to what the final disposition in this matter should and will be.  This agreement includes **nonbinding** recommendations by the United States, pursuant to Rule 11(e)(1)(B); however the defendant understands that the Court is **not** bound by these sentence recommendations, and that the defendant has **no** right to withdraw a guilty plea if the Court does not follow the sentencing recommendations set forth in this plea agreement.

    7.    The United States reserves the right, at sentencing, to recommend a term of imprisonment, and any appropriate enhancements pursuant to the Guidelines, including, but not limited to, a recommendation for an upward departure.

    8.    Mr. Husel agrees to make full and complete restitution to Wheeling Jesuit College as a result of his storage and use of an unregistered destructive device, that is a pipebomb type device, on November 9, 1994.  In addition, Mr. Husel agrees to make full and complete restitution to any and all victims of breaking and enterings, in which Mr. Husel participated, of various automobiles that occurred at the campuses of Bethany College, West Liberty College and Wheeling Jesuit College in Brooke County and Ohio County, West Virginia.  Mr. Husel agrees to make any such restitution within a reasonable time, regardless of his financial condition and even if the restitution cannot be made part of his ultimate sentence in this matter.

*William Husel*            *August 9, 1996*
William Husel                Date Signed

*Jenna P. Wood*           *8/9/96*
Jenna P. Wood, Attorney     Date Signed
Counsel for Mr. Husel

Jenna P. Wood, Attorney
August 6, 1996
Page 4

    9.    Pursuant to Sections 6B1.4 of the Guidelines, the parties hereby stipulate and agree that Mr. Husel will admit that he was responsible, along with Victor Milko, of improperly storing, possessing and later detonating a destructive device or pipe bomb at Wheeling Jesuit College on November 9, 1994. Also, Mr. Husel agrees that after the detonation of the destructive device in November of 1994, he attempted to falsely incriminate another person in his criminal activity by placing pipe and other items in the person's car. Mr. Husel further stipulates that this conduct after the bombing constituted obstruction of justice within the meaning of U.S.S.G. §3C1.1. The parties understand that pursuant to Section 6B1.4(d), the Court is not bound by the above stipulation and is not required to accept same. Mr. Husel understands and agrees that should the Court not accept the above stipulation, Mr. Husel will not have the right to withdraw his plea of guilty to Count One of the Information.

    10.    If the defendant's plea is not accepted by the Court or is later set aside or if the defendant breaches any part of this agreement, then the Office of the United States Attorney will have the right to void this agreement and/or withdraw any recommendations.

    11.    The above ten (10) paragraphs constitute the entire agreement between Mr. Husel and the United States of America in this matter. There are no agreements, understandings or promises between the parties other than those contained in this agreement.

    Very truly yours,

    WILLIAM D. WILMOTH
    United States Attorney

By: *[signature]* Sam G. Nazzaro
    Assistant United States Attorney

As evidenced by my signature at the bottom of the four (4) pages of this letter agreement, I have read and understand the provisions of each paragraph herein and, hereby, fully approve of each provision.

*William Husel*      *August 9, 1996*
William Husel      Date Signed

*Jenna P. Wood*      *8/9/96*
Jenna P. Wood, Attorney      Date Signed
Counsel for Mr. Husel

SGN:mcz